UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISIO ATENIA LORENZO,<br>Reg. No. A038-467-916,<br><br>                                Plaintiff,<br><br>vs.<br><br>FIGUEROA, Warden, et al.,<br><br>                                Defendants. | Case No.: 3:17-cv-01493-DMS-BGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DENYING MOTION FOR STAY ORDER OF DEPORTATION PROCEEDINGS [ECF No. 3]**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

ELISIO ATENIA LORENZO ("Plaintiff"), a federal immigration detainee currently held at the Otay Mesa Detention Center ("OMDC") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis ("IFP"), and a Motion to Stay Deportation

Proceedings, on July 24, 2017–approximately one year after he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging the same claims and seeking the same relief. *See* ECF Nos. 1-3; *cf. Lorenzo v. Figueroa, et al.*, S.D. Cal. Civil Case No. 3:16-cv-01719-DMS-BGS (ECF No. 1) (hereafter "*Lorenzo I*").

Specifically, Plaintiff claims the Warden of Core Civic, a private corporation that contracts with the federal government to detain individuals subject to deportation at OMDC, the Secretary of the U.S. Department of Homeland Security ("DHS"), the Attorney General of California, an immigration judge, an Immigration and Customs Enforcement ("ICE") Field Officer, and an unidentified DHS attorney, denied him due process during a bond hearing and removal proceedings by failing to release him pursuant to *Preap v. Johnson*, 303 F.R.D. 566 (N.D. Cal. 2014), *aff'd*, 831 F.3d 1193 (9th Cir. 2016), *pet. for cert. filed*, No. 16-1363 (U.S. May 11, 2017).[1] *See* ECF No. 1 at 2-3. His Complaint seeks $7 million in punitive damages, and includes a request for a "stay order of deportation proceedings." *Id.* at 7.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

---

[1] *Preap* provides that aliens subject to removal and detained mandatorily pursuant to 8 U.S.C. § 1226(c) must be afforded a bond hearing before an immigration judge. 831 F.3d at 1201-03.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h). *Agyeman*, 296 F.3d at 886; *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir.1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *cf. Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005) ("civil detainee" is not a "prisoner" within the meaning of the PLRA); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Act ["SVPA"], while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, . . . ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (holding plaintiff "adjudicated NGI [not guilty by reason of insanity] and committed to [Napa State Hospital] as a result of that adjudication" was "not a prisoner as defined by the PLRA.").

Because Plaintiff is currently detained by the DHS pending removal, he does not qualify as a "prisoner" as defined by 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) do not appear applicable to this case. *Agyeman,* 296 F.3d at 886. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. *See* S.D. CAL. CIVLR 3.2(d). Accordingly, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is GRANTED (ECF No. 2).

///

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

A complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. 42 U.S.C. § 1983

As an initial matter, the Court finds it must dismiss Plaintiff's Complaint in its entirety to the extent he has commenced suit pursuant to 42 U.S.C. § 1983 (ECF No. 1 at 1).

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of *state* law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added).

Plaintiff is an immigration detainee subject to removal and currently held at OMDC, a private facility now managed by Core Civic, formerly known as Corrections Corporation of America. *See* ECF No. 1 at 1. He seeks injunctive relief in the form of "release" from his "wrongful imprisonment" and damages against the Warden of Core Civic, and various DHS and federal immigration officials, including an immigration judge, all of whom are alleged to have denied him due process "under color" of federal immigration laws. *Id.* at 2, 7. He fails to allege any Defendant acted under color of *state* law. Therefore, he fails to state a claim under § 1983. *Tsao*, 698 F.3d at 1138; *see also Politis v. Dyer*, S. D. Texas Civil Case No. 4:04-cv-02840-H (Aug. 12, 2004) (Order sua sponte dismissing civil action filed by immigration detainee for failing to state a claim cognizable under § 1983 without leave to amend pursuant to 28 U.S.C. § 1915), *aff'd*, 126 Fed. Appx. 648 at *1 (5th Cir. 2005)).

Moreover, even if Plaintiff alleged facts to suggest the named Defendants violated his constitutional rights under color of state law, he may not challenge the fact or the

///

///

duration of his immigration detention pending deportation in a § 1983 suit.[3] Challenges to the fact or duration of confinement must be brought in a habeas action, not in a civil rights case. Habeas corpus "is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A challenge to the fact or duration of confinement that would, if successful, result in immediate or speedier release falls within the "core" of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."); *Cristiano v. Brown*, No. 3:16-CV-3077-BEN-BLM, 2017 WL 3446812, at *3 (S.D. Cal. Aug. 9, 2017).

In fact, as noted above, Plaintiff filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2241. *See Lorenzo v. Figueroa, et al.*, S.D. Cal. Civil Case No. 3:16-cv-01719-DMS-BGS (ECF No. 1). A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"

---

[3] Nor may he sue an immigration judge based on any act or decision made within his jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Stevens v. Holder*, 950 F. Supp. 2d 1282, 1291 (N.D. Ga. 2013) (extending judicial immunity to Immigration Judge); *see generally Butz v. Economou*, 438 U.S. 478, 513-14 (1978) (according absolute judicial immunity to administrative law judges, hearing examiners and other officials who perform judge-like functions); *Burns v. Cnty. of King*, 883 F.2d 819, 821-22 (9th Cir.1989) (finding that arguments or evidence presented during a bond or detention hearing are "intimately associated with the judicial process and protected by absolute immunity."); *Manunga v. Costa Mesa Police Dep't*, No. SA CV 13-1062 AG RZ, 2013 WL 3989577, at *3 (C.D. Cal. Aug. 1, 2013).

*Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). That petition was denied on August 8, 2017. *See Lorenzo I¸* S.D. Cal. Civil Case No. 3:16-cv-1719-DMS-BGS (ECF No. 5). Plaintiff has subsequently been denied leave to proceed IFP on appeal in that case, and this Court has certified an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a). *Id.*, ECF No. 11.

Therefore, because Plaintiff's § 1983 Complaint alleges the same facts, and is based on the same legal claims for relief that have already been raised and denied on the merits in *Lorenzo I*, the Court must also dismiss this duplicative and subsequently-filed civil action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (prisoner's complaint is considered frivolous under 28 U.S.C. § 1915 if it "merely repeats pending or previously litigated claims.") (citations and internal quotations omitted); *Nordstrom*, 762 F.3d at 920 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, [the court] examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

**III. Conclusion and Order**

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DISMISSES** this civil action both as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denies leave to amend as futile. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

3. **DENIES** Plaintiff's Motion for Stay Order of Deportation (ECF No. 3).

4. **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 24, 2017

Hon. Dana M. Sabraw
United States District Judge